|    |    |
|----|----|
| 1  |    |
| 2  |    |
| 3  |    |
| 4  |    |
| 5  |    |
| 6  |    |
| 7  |    |
| 8  | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA |
| 9  |    |
| 10 | MARSEAN HARRIS, |
| 11 | Plaintiff, |
| 12 | v. |
| 13 | LAUREN ERICKSON, |
| 14 | Defendant. |

CASE NO. 3:22-cv-05398-RAJ-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on referral from the District Court. Plaintiff is currently a pretrial detainee in the Harris County Jail in Houston, Texas, and proceeds *pro se*. *See* Dkt. 1. He filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Texas, Houston Division ("Texas District Court"), seeking to bring claims against Lauren Erickson, a defendant he asserts resides in Clallam County, Washington. *Id*. The Texas District Court noted that plaintiff provides no further information as to defendant Erickson's status, but public online records show that she was a judge on the Clallam County Superior Court at the time relevant to the complaint. Dkt. 4, at 2.

In the complaint, plaintiff alleges that defendant caused his prolonged and unlawful detention in the county jail in Clallam Bay, Washington by not releasing him after a Harris County detainer had expired. *Id*. As a result of this detention, plaintiff has suffered extreme stress and anxiety. *Id*. After reviewing the complaint, the Texas District Court directed that the case be transferred to this Court. *See* Dkt. 4. The Court has received the case and must now review and screen the complaint under 28 U.S.C. § 1915A.

In addition to the complaint, plaintiff has filed an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. 2. However, because it appears that plaintiff is bringing suit against a defendant who is protected by immunity and because is not clear whether plaintiff seeks to challenge his conditions of confinement at the Clallam County jail or the fact of his detention itself, plaintiff has failed to provide the Court with a proposed complaint that states a viable claim in support of his IFP application. The Court will also offer plaintiff an opportunity to show cause as to why the Court should not abstain from adjudicating his complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Court will allow plaintiff to file an amended proposed complaint addressing these issues.

Plaintiff should note that if the Court does allow him to proceed IFP in this civil rights action, he would be required to pay a $350 filing fee, although he will be allowed to pay the fee in installments. If the Court does not allow him to proceed IFP, he must pay $402 as a filing fee to proceed with this action.

Therefore, the Court defers ruling on the motion to proceed IFP until such time as plaintiff is given the opportunity to file a viable complaint before incurring that expense.

## BACKGROUND

Plaintiff states that he was convicted of robbery in Clallam County, Washington, on an undisclosed date and sentenced to a term of imprisonment of two years. Dkt. 1, at 4. While serving this sentence, authorities in Harris County, Texas lodged a detainer against plaintiff on October 21, 2019. *Id*. Plaintiff claims that when he was released from incarceration on April 17, 2020, he thought he was being released to return home. *Id*. Instead he was transferred to the Clallam County jail for a pretrial detention hearing. *Id*.

At the hearing, plaintiff explained to his attorney that the 180-day limitation for Harris County to transport him to Houston had expired and he should be released. *Id*. Plaintiff claims that defendant, Lauren Erickson, called Harris County but received no answer. *Id*., at 5. Subsequently, his Clallam County case was reset three times until defendant Erickson informed him that she would not release him from detention until Harris County arrived to transport him. *Id*. Plaintiff now alleges that this prolonged and unlawful detention in the Clallam County jail has caused him stress, pain, and anxiety. *Id*.

Sometime thereafter, plaintiff was transported to Harris County, where he is currently in pretrial detention. In the complaint, he seeks $1.2 million in damages from defendant Erickson for "suffering and pain and mental anguish" while detained in the Clallam County jail. *Id*., at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.*, at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

I. **Habeas Corpus versus § 1983 Action**

The Court initially notes that it is unclear from plaintiff's complaint whether he is seeking monetary damages exclusively, or whether he is also seeking immediate release from custody. To the extent that plaintiff may be challenging the criminal proceedings against him, such claims must be raised in a habeas corpus petition rather than in a § 1983 complaint.

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 498–99) (quotations omitted).

Thus, again while it is somewhat unclear from the complaint, to the extent plaintiff is challenging the fact of his custody and seeks immediate release, his claims are properly raised in a § 2241 petition, not a § 1983 complaint.

II. ***Younger* Abstention**

Although plaintiff is seeking monetary damages related to defendant's actions, his claims appear to be integrally related to his underlying state criminal proceedings. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances

where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45, 46. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

*Younger* principles apply to actions at law (that is, for damages) as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). When *Younger* applies, "damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968.

Here, plaintiff's state court criminal case is ongoing, involves a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff would be prevented from raising in his state court criminal case the same claims he raises in the instant complaint in federal court. Plaintiff also fails to present sufficient facts in his complaint to show risk of great and immediate irreparable harm; there is no proof of any extraordinary circumstances requiring the Court's intervention. Thus, it appears that plaintiff brings an action that would unduly interfere with the state criminal proceeding and the Court should abstain from deciding these claims pursuant to *Younger*.

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 5

Accordingly, the Court directs plaintiff to either show cause why the Court should not abstain from deciding the claims raised in his complaint pursuant to *Younger* or file an amended complaint with allegations of fact (if such facts exist) that would address this issue.

### III. Immunity

Although plaintiff does not affirmatively identify defendant Erickson as a judicial officer, the Court recognizes the Texas District Court's finding that defendant Erickson was a Clallam County Superior Court Judge at the time of plaintiff's allegations regarding proceedings in Clallam County. *See* Dkt. 4, at 2. Plaintiff cannot obtain damages in his suit against a state judicial officer. "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

If plaintiff wishes to continue bringing his claims for damages, he must explain whether defendant is a judicial officer and if so, how defendant has allegedly been acting outside her official capacity as a judicial officer.

### CONCLUSION AND DIRECTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. In order to proceed with this case, first plaintiff needs to clearly and concisely identify the defendant and/or defendants alleged to have violated his civil rights, the acts of which each defendant is accused, how those acts violated his legal rights, and the relief requested. Further, the Court directs plaintiff to file a response to this order in which he shows cause why the Court should not abstain from adjudicating his complaint pursuant to *Younger*

until a resolution of his criminal prosecution, which includes any direct criminal appeal. In the alternative, if plaintiff intends to pursue this § 1983 civil rights action with only claims challenging the conditions of his confinement at the Clallam County jail, he must file an amended complaint on the form provided by the Court, including only those such claims. And again, plaintiff must clearly identify the defendant and/or defendants in this action. The Court reminds plaintiff that a petition for a writ of habeas corpus is the appropriate vehicle for state prisoners attacking the validity of the fact or length of their confinement rather than a § 1983 complaint.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended proposed complaint to determine whether it states a claim upon which relief can be granted and contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended proposed complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

1  If plaintiff fails to file an amended proposed complaint or fails to adequately address the issues raised herein on or before **July 21, 2022**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

The Court notes that the Clerk's Office has also directed plaintiff to correct his application to proceed *in forma pauperis*. Dkt. 7. In addition to complying with this Order and showing why his proposed complaint is not subject to dismissal, plaintiff should be aware that he must either pay the filing fee or obtain permission to proceed IFP if he wishes to bring a case in this Court.

Dated this 21st day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge