UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSEAN HARRIS,

                Plaintiff,

v.

LAUREN ERICKSON,

                Defendant.

CASE NO. 3:22-cv-05398-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 5, 2022

This matter is before the Court on referral from the District Court and on plaintiff's proposed amended complaint filed under 42 U.S.C. § 1983 (Dkt. 14) and motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. 9). Plaintiff proceeds *pro se*.

Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. The Court previously offered plaintiff an opportunity to amend his complaint, and the amendment has proven to be futile. Therefore, the Court declines to offer plaintiff another opportunity to amend. The Court recommends that the IFP motion be denied, that this matter be dismissed without prejudice, and that the case be closed.

## BACKGROUND

Plaintiff initiated this matter in May 2022 in the United States District Court for the Southern District of Texas, Houston Division ("Texas District Court"), and seeks to proceed IFP. *See* Dkt. 1. After the Texas District Court directed that the case be transferred to this District (*see* Dkt. 4), this Court reviewed plaintiff's proposed complaint and determined that he failed to state a viable claim in support of his IFP application (*see* Dkt. 8). This Court noted that plaintiff appeared to be bringing suit, (1) against a defendant who is protected by immunity, and (2) that would unduly interfere with plaintiff's ongoing state criminal proceedings. *See* Dkt. 8, at 2, 5. The Court ordered plaintiff to show cause or file an amended complaint, or the Court would recommend dismissal of the matter. *Id.* at 7–8. The Court declined to rule on plaintiff's IFP motion until he filed an amended complaint that corrected the deficiencies. *Id*. at 2.

On July 12, 2022, plaintiff filed an amended complaint containing the same deficiencies. Dkt. 14. However, the proposed amended complaint now confirms that defendant Lauren Erickson is a Clallam County Superior Court Judge and seeks only monetary damages for injuries caused by her decision to keep plaintiff in Clallam County Jail until Harris County, Texas officials arrived to transport him to Texas for proceedings there. Dkt. 14, at 4–5.

## DISCUSSION

In proceedings where a plaintiff proceeds (or seeks to proceed) IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to state a claim upon which relief may be granted[.]"

Here, plaintiff listed § 1983 as a basis for the Court's jurisdiction and lists a violation of his Fourteenth Amendment rights. *See* Dkt. 14 at 4. However, to state a claim under 42 U.S.C.

§ 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Further, despite their capacity as state actors, "certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment." *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir. 1991). Accordingly, judges, prosecutors, and officials performing "quasi-judicial" functions have absolute immunity from suit for acts performed in their official capacity. *Id.* at 836 (citing *Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985)). This was explained to plaintiff in the Court's previous order. *See* Dkt. 8.

In his proposed amended complaint, plaintiff has failed to demonstrate how defendant Erickson, as a Clallam County Superior Court Judge, was acting outside her official capacity as a judicial officer and therefore exempt from immunity. *See* Dkt. 14. As such, he has failed to state a claim upon which the Court can grant relief.

The Court also explained in the previous order that, although plaintiff is seeking monetary damages related to defendant's actions, his claims appear to be integrally related to his underlying state criminal proceedings. *See* Dkt. 8, at 4–5. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). In his proposed amended complaint, plaintiff simply restates the same set of facts underlying his

claim and adds nothing new or different, and therefore has again failed to state a claim upon which the Court can grant relief.

The Court previously instructed plaintiff to amend his proposed complaint to fix these issues and he has failed to do so. *See* Dkt. 14. Although he filed a proposed amended complaint, the proposed amended complaint again fails to state a claim upon which relief can be granted and the Court finds that offering another opportunity to amend would be futile. Therefore, the Court recommends that plaintiff's motion for leave to proceed IFP (Dkt. 9) be denied and that the case be dismissed without prejudice.

## CONCLUSION

The undersigned recommends that the District Court deny the motion to proceed IFP and dismiss this matter without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 5, 2022, as noted in the caption. The Clerk is also directed to send a copy of this Report and Recommendation to plaintiff.

Dated this 22nd day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge